Tompkins, J.,
delivered the opinion of the Court.
Burk sued Baxter in the Circuit Court of Clay county, and judgment being there given against him, he brought the cause by'appeal into this Court.
The form of action is trover. The record shows that Baxter, the defendant in the Circuit Court and appellee here, in character of Constable, sold some stills which were in the possession of the plaintiff, by virtue of an execution directed against another person than the plaintiff in this-cause. The stills were set up in the usual way, and it was not proved that Baxter either pulled them down or assisted in doing it: the act of levying and selling was the only evidence of conversion. After the evidence was submitted to the jury, the plaintiff prayed the Court to Instruct them, that if they found that Baxter, acting as Constable, sold the stills, such sale amounts to a conversion, and that they must find for the plaintiff.
Second. That to constitute a conversion of said stills, by the defendant levying and selling the same as Constable, iLwas not necessary that he should lay hands thereon, or take them into actual possession ; but that it is sufficient that he should apprize the party in possession that he did seize and sell them in that character.
Third. That the stills are personal property and not fixtures to the freehold.
The jury having found a verdict for the defendant, the plaintiff moved for a new trial, because, as he alledged, the Court had misinstructed the jury. The refusal of the instructions prayed, and of the new trial, are assigned for error.
The points to be decided are,
First. Whether the stills in the situation mentioned are personal property.
Second. Whether they being determined to be such, the act of levying and selling amounts to a conversion.
First. The case of Hunt v. Mullanphy, 1st vol. of Missouri decisions is in point.
The evidence in that case was brought up in the form of a special verdict. The property contended for was a copper kettle built into a furnace erected for that purpose so as to hide the kettle, except the edge or mouth of the same.
The furnace was connected with the chimney of a house by a flue, so as to take the smoke from the furnace into the chimney, through an opening made for that purpose ; and the kettle and furnace might have been removed without any other injury to the chimney than laying bare the opening made in it to admit the smoke from the furnace. It was decided that the copper kettle, being in itself personal property, was not so attached to the freehold as to become a fixture. The stills are in themselves personal property, and can only be used by putting them up in furnaces in the *150 way it is testified these in question were put up: and we are well satisfied that the act of putting them up in the usual way to make whisky, does not change their character of personal property. No more need be said, as the subject of fixtures is fully illustrated in the case referred to.
On the second point we have no doubt. The defendant took as full possession of the stills, as from the nature of the property he could do, and exercised rights of ownership over them by selling them as the property of the person against whom his execution was directed. The Circuit Court, then, we think, erred in refusing the instructions prayed for, and in refusing a new trial. Its judgment is, therefore, reversed, and this cause remanded for further trial in conformity with this opinion.